UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

           **Plaintiff,**               **CIVIL ACTION NO. 05-CV-74025-DT**

    **vs.**

                              **DISTRICT JUDGE GEORGE CAREM STEEH**

**DAVID SMITH, ET AL.**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

           **Defendants.**

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This is a prisoner civil rights complaint brought under 42 U.S.C. § 1983.  Defendants Bureau of Health Care Services, Dr. George Pramstaller, and Yvonne Gardner Brown have filed a Motion to Dismiss.  Defendants Correctional Medical Services, Inc. and Liz Kleinhardt have filed a Motion for Costs pursuant to Fed. R. Civ. P. 41(d) and to stay commencement of the action until said costs are paid.  Defendant David Smith has not yet been served with the Summons and Complaint.  Before the Court are Plaintiff's Motions For Appointment of Counsel (Docket ## 3, 23).  This Court concludes that an appointment of counsel at this stage of the litigation is unnecessary.

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.  In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself.  This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).  *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the

United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'").  At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff.  Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process. Furthermore, Plaintiff's request may be premature in light of Defendants' pending motions. Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 26, 2006                         s/ Mona K. Majzoub
                                             **MONA K. MAJZOUB**
                                             **UNITED STATES MAGISTRATE JUDGE**

**Proof of Service**

I hereby certify that a copy of this Order was served upon Martin Hagopian and Counsel of Record on this date.

Dated: June 26, 2006                         s/ Lisa C. Bartlett
                                             Courtroom Deputy