UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

    Plaintiff,

                                          Case No. 05-CV-74025
vs.                                         HON. GEORGE CARAM STEEH

DAVID SMITH, et al.,

    Defendant.
_____/

ORDER OVERRULING PLAINTIFF'S OBJECTION (#34)
AS TO MAGISTRATE JUDGE'S JUNE 26, 2006
ORDER DENYING APPOINTMENT OF COUNSEL

Plaintiff Martin Hagopian, a Michigan prisoner appearing pro per, filed a "Notice of Appeal" as to Magistrate Judge Mona Majzoub's June 26, 2006 Order denying Hagopian's motion for appointment of counsel in this civil rights case brought under 42 U.S.C. § 1983. Within 10 days after a magistrate judge issues an order deciding a non-dispositive matter, a party may file objections to the order. See Fed. R. Civ. P. 72(a). The court construes Hagopian's "Notice of Appeal" as such an objection, and orders that the objection be resolved without oral argument. E.D. Mich. Local R. 7.1(e)(2). In considering Hagopian's objection, this court shall modify or set aside any portion of the Order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

As recognized by Magistrate Judge Majzoub, appointment of counsel for prisoners proceeding in forma pauperis is within the court's discretion, justified only by exceptional circumstances, an analysis which generally involves a determination of the complexity of the involved issues. Lavado v. Keohane, 992 F.2d 601, 605-606 (6th Cir. 1993); Glover v. Johnson, 75 F.3d 264, 268 (6th Cir. 1996). An abuse of discretion exists only if the reviewing court is left with a definite and firm conviction that a mistake has been made.

Bowling v. Pfizer, 102 F.3d 777, 780 (6th Cir. 1996) (quoting Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989)).

Magistrate Majzoub's analysis is not contrary to law as it recognizes her discretionary authority to decide whether to appoint counsel in this matter.  This court is not left with a definite and firm conviction that Magistrate Judge Majzoub was mistaken in exercising her discretion and denying Hagopian's motion for appointment of counsel without prejudice considering that Hagopian has adequately represented himself to date, and procedural motions to dismiss are currently pending.  Indeed, the court notes that Hagopian filed a 15-page response to a motion to dismiss on April 19, 2006, citing considerable case law to support his legal positions.  Hagopian's open queries as to whether he is entitled to the appointment of counsel due to an asserted blindness that prevents him from pursuing his case does not demonstrate that the denial of his motion for appointment of counsel is clearly erroneous or contrary to law, particularly when the record reflects that Hagopian has not been hindered to date by his claimed disability.

Plaintiff's July 6, 2006 "Notice of Appeal," properly construed as an objection to Magistrate Judge Majzoub's June 26, 2006 Order, is hereby OVERRULED.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  July 17, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 17, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk