UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARTIN HAGOPIAN,**

        **Plaintiff,**                **CIVIL ACTION NO. 05-74025**

      **vs.**                            **DISTRICT JUDGE GEORGE CARAM STEEH**

**DAVID SMITH, et. al.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION**: This Court recommends that Defendants' Motion To Dismiss be GRANTED as Plaintiff failed to exhaust his administrative remedies, that Defendant's Motion for Costs be DENIED, and that Plaintiff's Motion to Show Appearance of Counsel be DENIED.

\*\*\*

Plaintiff, a Michigan state prisoner, filed the instant complaint on October 20, 2005 alleging causes of action under 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated several of his constitutional rights, but his complaint mainly addresses alleged violations of Plaintiff's right to medical care causing blindness in one of his eyes. The Defendants to this action are former Michigan Department of Corrections ("MDOC") employee David Smith, who is the Warden of the Ryan Road Correctional Facility ("Ryan Road"), the Michigan Bureau of Health Care Services ("MBHCS"), MBHCS Chief Medical Officer Dr. George Pramstaller, Correctional Medical Services, Inc. ("CMS"), MDOC employee Liz Kleinhardt, Ryan Road employee Yvonne Gardner Brown, and an undetermined number of current or former Ryan Road employees designated as Jane and John Does. Defendants filed a Motion for Costs on November 7, 2005.

Defendants' Motion for Costs asks the Court to order Plaintiff to pay expenses they incurred in connection with their defense of a prior suit by Plaintiff. Defendants filed a Motion to Dismiss on March 15, 2006, alleging that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA). Plaintiff filed a Motion to Show Appearance of Counsel on April 10, 2006, asking for the Court to intervene in finding an address and effecting service on David Smith, a former MDOC employee who is currently unserved.

## I. DEFENDANTS' MOTION TO DISMISS

**Standard of Review**

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

**Exhaustion of Remedies**

Defendants' Motion to Dismiss revolves around the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. 42 U.S.C. § 1997e. The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion

requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. *Gibbs v. Bolden*, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

Generally, a prisoner will exhaust administrative remedies by filing grievances pursuant to MDOC policy. For example, a prisoner may grieve alleged violations of policy and procedure, unsatisfactory conditions of confinement, official acts, or denial of rights which directly affect [Prisoners] (MDOC Policy Directive 03.02.130, PB). The grievance system is comprised of three steps. If the grievant is dissatisfied with the step I response, he/she may appeal to step II. If the prisoner is still dissatisfied with the step II response, he/she may file a step III appeal with the Director of the MDOC. A Plaintiff must pursue all levels of the administrative procedure, even when prison officials fail to respond or respond in an untimely manner. *Grabinski v. Gundy*, 1999 U.S. Dist. LEXIS 4820 (W.D. Mich. 1999)(citations omitted).

**Discussion and Analysis**

Plaintiff's complaint does not allege exhaustion with particularity. However, several grievance forms were attached to Plaintiff's complaint. Plaintiff submitted a grievance form on November 5, 2001. (Pl.'s Compl. at 29). Plaintiff alleged that he had been complaining to prison nurses about headaches and blurry vision, but that they ignored his complaints. *Id.* From Plaintiff's

-3-

grievance, it appears that the nurses knew or should have known that Plaintiff had a degenerative condition in his eye that required ongoing monitoring. *Id.* Plaintiff alleged that he finally had an opportunity to see a doctor on October 23, 2001, and discussed the recent worsening of his condition with the doctor. *Id.* Plaintiff was allegedly on a waiting list for a laser surgery that offered some prospect of arresting the advance of the disease in his now blind eye. *See Id.* Plaintiff allegedly plead with the doctor that he should be scheduled for the surgery immediately because he was losing sight in his eye. *Id.* The doctor allegedly told Plaintiff that he was unable to change the surgery schedule because there was a waiting list for the surgery. *Id.* Plaintiff's grievance does not identify either the nurses or the doctor whose conduct he grieves, and it does not give any reason for his failure to identify them. *Id.*

Plaintiff appealed this grievance to the second stage on December 4, 2001. *Id.* at 30-31. Plaintiff alleged that he never received a response to his initial grievance. *Id.* In response to the step two grievance form, prison officials concluded that Plaintiff had received a step one response, and that his grievance had been denied because he was sent to the Kresege Eye Institute on November 21, 2001 but had refused to be admitted. *Id.* Plaintiff appealed the denial of his step two grievance, claiming that he had never received any response. *Id.* at 32. The face of Plaintiff's grievance form indicates that his step three appeal was filed in December, 2001. *Id.* The prison, however, did not respond until 2005, and the step three grievance response indicates that the prison did not receive Plaintiff's step 3 grievance until that year. *Id.* at 33.

Two other grievance forms are attached to Plaintiff's complaint. Plaintiff filed a grievance on August 16, 2002, alleging that he continued to need medical care to arrest the progress of his degenerative eye condition (he had lost vision entirely in one eye, but he alleged the problem was

spreading to his other eye), and that prison officials still refused to provide it to him. *Id. at 36.* Plaintiff appealed this grievance to step II, but not to step III. *See Id. at 38.*

In *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), the Sixth Circuit adopted a mandatory total exhaustion rule, which requires that a federal court dismiss a prisoner's entire complaint whenever a prisoner has exhausted with respect to some, but not all of his claims. Defendants strenuously argue that the Court should apply *Jones-Bey* to dismiss Plaintiff's claim. Defendants do not point out the substantial adverse precedent within the Sixth Circuit regarding the validity of *Jones-Bey* and its progeny. Though the Court ultimately concludes that *Jones-Bey* is still good law, Defendants' failure to identify multiple Sixth Circuit cases questioning the status of *Jones-Bey* as precedent is a serious defect in their Motion to Dismiss.

For his part, Plaintiff argues that PLRA's exhaustion framework is invalid because it violates Plaintiff's procedural due process rights. Specifically, Plaintiff quotes the hoary legal maxim that "there is no right without a remedy" in support of his argument that he has a constitutional right to have his § 1983 claims heard in federal court, notwithstanding his failure to exhaust his administrative remedies as required by PLRA. Turning to more apposite sources of law, Plaintiff relies on portions of the Ninth Circuit's decision in *Ngo v. Woodford*, 403 F.3d 620 (2005) *rev'd Woodford v. Ngo*, 126 S.Ct. 2378 (2006) that are highly critical of the exhaustion requirement. The Ninth Circuit was emphatically reversed by the Supreme Court's decision in *Woodford*. A Plaintiff subject to PLRA must properly exhaust his administrative remedies before bringing a claim in federal court. *Woodford*, 126 S. Ct. at 2388. A prisoner who fails to present his claims within the time for filing grievances established by prison procedures cannot then bring his claims in federal court. *Id.* In construing PLRA's statutory requirements this way, the Supreme Court implicitly held

that the PLRA exhaustion scheme was constitutional.  The question is therefore whether the law of the Sixth Circuit requires dismissal of Plaintiff's complaint for failure to totally exhaust.

Dissenting in *Jones-Bey*, Judge Clay argued that the Sixth Circuit had already ruled on the total exhaustion question, and rejected a mandatory total exhaustion rule in *Hartsfield v. Vidor*, 199 F.3d, 309 (6th Cir. 1999).  Judge Clay argued that *Hartsfield* could only be overturned by an *en banc* decision under Sixth rule 206(c).

Following the *Jones-Bey* decision, some District Courts followed Judge Clay's reasoning and declined to apply the *Jones-Bey* rule.  In a more recent case, *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006). the Sixth Circuit reiterated its view that *Jones-Bey* was the rule of the Circuit, and stated that the portion of *Hartsfield* upon which Judge Clay had relied was dicta.  Another panel of the Sixth Circuit then adopted Judge Clay's reasoning from *Jones-Bey*, stated that *Hartsfield* and another case had already ruled on the total exhaustion question at the time *Jones-Bey* was decided, and went on to apply a rule of partial exhaustion to the prisoner complaint before it.  *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006).

It would appear that an *en banc* rehearing of *Jones-Bey*, *Rinard,* or *Spencer* would have given better guidance to courts in this Circuit.  In the aftermath of *Spencer*, District Judges have continued to reach conflicting conclusions about the viability of the total exhaustion rule in the Circuit.  *Compare Hardaway v. Haggerty*, 2006 WL 1663317 (E.D. Mich.,2006) (applying partial exhaustion and following *Spencer*) *with Boling v. Oakland County Jail, 2006 WL 581034* (E.D. Mich. 2006) (applying total exhaustion and following *Jones-Bey*).  This situation will eventually be resolved.  The Supreme Court has granted certiorari on the total exhaustion question in *Jones v.*

*Bock,* --- U.S. ----, 126 S.Ct. 1462, 164 L.Ed.2d 246 (U.S. Mar.6, 2006) and *Williams v. Overton,* --- U.S. ----, 126 S.Ct. 1463, 164 L.Ed.2d 246 (2006).

While the briefing schedule has been set in the Supreme Court, oral argument is not yet scheduled, and a decision may not be rendered in *Bock* and *Overton* for many months. The instant motions have already been pending for several months, and the Court must apply the law of the Sixth Circuit as it finds it. Plaintiff has not identified adequate reasons to delay decision in this case for additional months pending the uncertain outcome of a Supreme Court case. The Court agrees with the analysis of the majority of judges who have considered whether *Jones-Bey* was rendered in compliance with Sixth Circuit Rule 206(c), and finds that *Jones-Bey* is still good law. *See e.g., Boling, 2006 WL 581034* (E.D. Mich. 2006).

Even if the Supreme Court were to rule in *Bock* and *Overton* that a District Court may not dismiss the entirety of a complaint containing exhausted claims, the Court should still dismiss Plaintiff's Complaint. Plaintiff has only pursued a single grievance through all three stages of the administrative grievance process. In this grievance, Plaintiff failed to specifically identify any of the named Defendants. Plaintiff knew which nurses and doctors he was talking to at the time, and has not presented any reason for his failure to identify them in his grievance. Prisoners must file grievances against the specific people they ultimately seek to sue. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Merely grieving prison conditions, without identifying any particular person who may be responsible, does not exhaust claims against any Defendant. *Gibbs v. Bolden*, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001). Plaintiff has therefore totally failed to exhaust his administrative remedies.

Plaintiff also summarily argues that the Court should find that Defendants have "waived" exhaustion because their alleged misconduct is ongoing. Courts can enforce the exhaustion requirement *sua sponte*; it is therefore not subject to waiver by a Defendant. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998)

Accordingly, Defendant's Motion to Dismiss should be **GRANTED**.

## II.   Plaintiff's Motion to Show Appearance of Counsel

Plaintiff's Motion to Show Appearance of Counsel seeks the intervention of the Court in serving David Smith, whom Plaintiff has been unable to serve. Plaintiff has failed to exhaust his remedies against Defendant Smith, and his case should be dismissed in its entirety. Plaintiff's Motion to Show Appearance of Counsel should therefore be **DENIED AS MOOT**.

## III.   Defendants' Motion for Costs

Plaintiff filed a § 1983 Complaint in this district against Defendants CMS, Liz Kleinhardt, and others on February 10, 2004. *Hagopian v. Smith*, 04-CV-70475 (E.D. Mich. Feb. 10, 2004). On October 18, 2004 the Court entered an Order granting a Motion to Dismiss filed by Defendants Kleinhardt and CMS for failure to exhaust administrative remedies, and dismissing the remaining Defendants pursuant to a stipulation by the parties. The Court's Order stated, in part, that

> [S]hould plaintiff refile his claims upon exhaustion of administrative remedies as to a defendant named in the instant lawsuit, any defendant renamed in a refiled complaint may immediately move the court for relief requiring the Plaintiff to pay costs and fees before further pursuing the refiled lawsuit.

*Id.* (Order of October 18, 2004).

-8-

Defendants have moved the Court, pursuant to Federal Rule of Civil Procedure 41(d), for repayment of $8,898.33 in expenses they incurred in connection with the litigation of Plaintiff's prior lawsuit. Federal Rule of Civil Procedure 41(d) provides:

> Costs of Previously-Dismissed Action. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

The rule clearly makes the decision to award costs a discretionary one. Defendants were previously unsuccessful in their attempt to convince the Court to award costs at the end of the prior litigation. *Hagopian*, 04-CV-70475 (Order of July 25, 2005). This Plaintiff has been granted permission to proceed *in forma pauperis*, and has not been required to pay for filing papers with this Court. (Dkt. No. 7). In applying its discretion, this Court notes that an award of several thousand dollars in costs against an indigent person is more draconian than an identical award against a person of means. Because Defendants should prevail on their Motion to Dismiss, Rule 41's policy protecting Defendants from relitigating previously dismissed issues will be effectuated with or without an award of costs. Defendants' Motion for Costs should therefore be **DENIED**.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 02, 2006             s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Martin Hagopian and Counsel of Record on this date.

Dated: August 02, 2006             s/ Lisa C. Bartlett
                                   Courtroom Deputy