UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

        Plaintiff,

vs.

Case No. 05-CV-74025
HON. GEORGE CARAM STEEH

DAVID SMITH, et al.,

        Defendants.

_____/

ORDER ACCEPTING AUGUST 2, 2006 REPORT AND RECOMMENDATION (#36)
GRANTING DEFENDANTS' MOTION TO DISMISS (#21),
DENYING DEFENDANTS CMS' AND KLIENHARDT'S MOTION FOR COSTS (#6),
DENYING PLAINTIFF'S MOTION TO SHOW APPEARANCE OF COUNSEL (#24),
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS (#39), AND
DISMISSING PLAINTIFF'S CLAIM FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES

      Martin Hagopian, a Michigan state prisoner, filed a complaint on October 4, 2005 alleging 42 U.S.C. § 1983 claims of deliberate indifference to medical needs resulting in blindness in one eye against former Ryan Road Correctional Facility Warden David Smith, the Michigan Bureau of Health Care Services ("MBHCS"), MBHCS Chief Medical Officer Dr. George Pramstaller, Correctional Medical Services, Inc. ("CMS"), CMS employee Liz Kleinhardt, and Michigan Department of Corrections ("MDOC") employee Yvonne Gardner Brown.  Hagopian's previous lawsuit alleging the same claims against CMS, Kleinhardt, Warden Smith, and Brown was dismissed without prejudice on October 18, 2004. Hagopian v. CMS, 04-CV-70475 (E.D. Mich. Oct. 18, 2004) (Steeh, J.) ("Hagopian I").  The claims against CMS and Kleinhardt were dismissed for failure to exhaust administrative remedies, while the claims against Warden Smith and Brown were dismissed by stipulation.

Id. The court also ordered that any defendant named in Hagopian I and renamed in a refiled complaint filed by Hagopian could move for the payment of costs and fees incurred in Hagopian I as a pre-condition for Hagopian to proceed with the refiled lawsuit. Id.

Consistent with the order of dismissal entered in Hagopian I, CMS and Kleinhardt filed a motion on November 7, 2005 in this lawsuit seeking costs they incurred in Hagopian I. Defendants filed a motion to dismiss on March 15, 2006. On April 4, 2006, Hagopian moved for an appearance to be filed on behalf of now retired Warden Smith or disclosure of a present address for Warden Smith. These matters were referred to Magistrate Judge Mona Majzoub who issued a ten-page Report and Recommendation on August 7, 2006 recommending that defendants' motion to dismiss be granted based on Hagopian's failure to exhaust administrative remedies, that CMS's and Kleinhardt's motion for costs be denied, and that Hagopian's motion for an appearance to be filed on behalf of Smith be denied. On August 15, 2006, Hagopian filed timely objections to the Report and Recommendation. Eight days later, on August 23, 2006, Hagopian filed a motion to supplement his objections, accompanied by supplemental objections.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. Defendants have not filed objections to the Report and Recommendation, and do not oppose Hagopian's motion seeking leave to file supplemental objections. Hagopian has withdrawn his objection to the recommended denial of CMS's and Kleinhardt's motion for costs.[1] In the absence of objection or opposition, the court adopts Magistrate Majzoub's recommendation that CMS's

---

[1] Hagopian misconstrued the recommended denial of the motion.

and Kleinhardt's motion for costs be denied, and grants Hagopian's motion for leave to file supplemental objections.

## I. Dismissal for Failure to Exhaust

Magistrate Majzoub determined that Hagopian's claims were subject to dismissal for failure to exhaust administrative remedies because Hagopian pursued only a single related grievance through to the third and final step of the MDOC grievance process, and that exhausted grievance failed to specifically identify any of the named defendants, citing Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001) and Gibbs v. Bolden, 151 F.Supp.2d 854, 857 (E.D. Mich. 2001) for the proposition that prisoners must file grievances against the specific people they ultimately intend to sue. Magistrate Judge Majzoub also held that total exhaustion of grievances is required, as opposed to partial exhaustion, recognizing that the issue is now before the Supreme Court from the Sixth Circuit on the granting of writs of certiorari. Jones v. Bock, 126 S.Ct. 1462 (Mem) (March 6, 2006); Williams v. Overton, 126 S.Ct. 1463 (Mem) (March 6, 2006). Magistrate Judge Majzoub rejected Hagopian's argument that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement violates his right to due process of law, citing Woodford v. Ngo, 126 S.Ct. 2378 (June 22, 2006). Hagopian's objections and supplemental objections addressed to the exhaustion requirement may be summarized as: (1) he could not name specific individuals in his grievances considering MDOC policies forbidding inmates from acquiring the first names or identification numbers of MDOC employees, and his retaliatory transfer from the Ryan Road Correctional Facility to the Mound Road Correctional Facility; (2) he alleged exhaustion of those incidents that could be exhausted; (3) requiring a prisoner to specify an individual in a grievance is unconstitutional; (4) the MDOC grievance process is procedurally inadequate, citing Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748 (2005); (5) he has been denied his right to access to the courts; (6) the Magistrate Judge

3

has recommended the aiding and abetting of the violation of his civil rights; (7) the Magistrate Judge improperly relied upon Jones-Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005) in that the Jones-Bey prisoner-litigant was not blind; (8) the Magistrate Judge failed to recognize that Hagopian was 100% legally blind when he was writing his grievances; (9) the Magistrate Judge failed to take into consideration human rights violations, inhumane treatment and living conditions; (10) Hagopian identified "Doctor Shavell and Nurses" on one grievance form, and a "Dr. Derrow" in a second grievance form, consistent with the naming of John and Jane Doe defendants; (12) CMS willfully withheld the names of its employees from defendant during litigation of Hagopian's claims; (13) the Magistrate Judge failed to recognize the implications of the dismissal of Hagopian I; (14) the Magistrate Judge erred in failing to recognize that a Step III adjudication dated November 21, 2002 was attached to the complaint, thus exhausting administrative remedies with respect to a second August 16, 2002 grievance; (15) the Magistrate erred in ruling that the exhaustion requirement cannot be waived, and; (16) the Magistrate erred in recommending dismissal.

      Hagopian's objections going to the recommendation that his claims be dismissed for failure to exhaust administrative remedies are without merit. Hagopian has not made a meaningful challenge to Magistrate Judge Majzoub's legal rulings that total exhaustion of grievances in required, and that a named defendant must be specifically identified in a grievance. Curry, 249 F.3d at 505; Gibbs, 151 F.Supp.2d at 857; Rinard v. Luoma, 440 F.3d 361, 363 (6th Cir. Mar. 13, 2006) (quoting Jones-Bey, 407 F.3d at 805-806 for the legal propositions that "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims," and that exhaustion is "mandatory"). But see Spencer v. Bouchard, 449 F.3d 721 (6th Cir. June 6, 2006) (rejecting holding in Jones-Bey as erroneously deciding total/partial exhaustion issue which was implicitly decided in favor of partial exhaustion in Hartsfield v. Vidor, 199 F.3d 305 (6th

4

Cir. 1999)).  Although the grievance forms attached to Hagopian's complaint indicate Hagopian did pursue a Step III administrative appeal with respect to his second August 16, 2002 grievance filed against a "Doctor Darrow," and that Hagopian filed a Step I grievance naming a "Dr. Shanell" which was pursued through Step III, such does not displace the Magistrate Judge's findings that Hagopian failed to totally exhausted his administrative remedies against the named defendants in this lawsuit, as is required by law.  Curry, 249 F.3d at 505; Gibbs, 151 F.Supp.2d at 857; Rinard, 440 F.3d at 363.  Hagopian indeed implicitly admits that he failed to exhaust his administrative remedies as to the named defendants in arguing by objection that he should be excused from the exhaustion requirements of naming specific individuals because MDOC policies forbid inmates from acquiring MDOC personnel first names or identification numbers, he exhausted administrative remedies with respect to all grievances he was able to exhaust, the specific naming requirement is unconstitutional, the Magistrate Judge failed to recognize that Hagopian is 100% blind in his left eye, and the Magistrate Judge erred in ruling that the exhaustion requirement could not be waived.

Exhaustion of administrative remedies is *mandatory* under the PLRA, and as part of that exhaustion requirement, a prisoner's administrative grievance must identify each of the defendants that has been sued.  Curry, 249 F.3d at 505; Rinard, 440 F.3d at 363; Jones-Bey, 407 F.3d at 805-806.  Hagopian's waiver argument is thus without merit.  Id. See also Woodford, 126 S.Ct. at 2387-88.  The MDOC policies cited by Hagopian do not prevent Michigan prisoners from meeting the mandatory exhaustion requirements.  Hagopian's conclusory assertion that the naming requirement is unconstitutional in not well taken.  Hagopian has not factually supported his assertion that the 100% blindness in his left eye prevented him from specifically naming offending prison personnel, a claim that is undercut by Hagopian's ability to name a Dr. Darrow and a Dr. Shanell in two separate

5

Step I grievances. Gonzales, as relied upon by Hagopian, does not support a finding that MDOC grievance procedures are inadequate and, indeed, does not even involve prison procedures or the PLRA. Hagopian's remaining objections that he is being denied access to the courts, that the court is aiding and abetting civil right violations, that Jones-Bey is inapplicable because Hagopian suffers from blindness in his left eye, that the Magistrate Judge failed to consider human rights violations, inhumane treatment and living conditions, that the Magistrate Judge failed to recognize the implications of Hagopian I, and the Magistrate Judge erred in recommending dismissal, are each meritless as general objections. See Miller v. Currie, 50 F.3d 373, 379-380 (6th Cir. 1995) (recognizing that a generalized objection to a magistrate's recommendation are insufficient to state a cognizable objection); E.D. Mich. LR 72.1(d) (requiring that objections "specify the part of the order, proposed findings, recommendations, or report to which the party objects; and . . . state the basis for the objection"). Hagopian's assertion that CMS withheld names during the course of litigation is conclusionary. Id.

### II. Plaintiff's Motion to Show Appearance of Counsel for Warden Smith

Magistrate Judge Majzoub denied as moot Hagopian's motion to require the Michigan Attorney General to file an appearance on behalf of now retired Warden Smith, or for other court intervention in serving Smith, on the finding that Hagopian failed to exhaust his administrative remedies. Hagopian's objection that the Michigan Attorney General is invoking the "invalid address trick" is not well taken. Miller, 50 F.3d at 379-380.

### III. Other Objections

Hagopian has advanced other objections that are unrelated to the issues now before the court, including objections directed at the denial of the appointment of counsel.[2] These

---

[2] The court overruled Hagopian's objections to the denial of appointment of counsel on July 17, 2006.

objections are simply misplaced.

## IV. Conclusion

For the reasons set forth above, Hagopian's objections and supplemental objections are OVERRULED. IT IS ORDERED that Magistrate Judge Majzoub's August 7, 2006 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court. Defendants CMS's and Klienhardt's motion for costs is hereby DENIED. Hagopian's motion to show an appearance of counsel for Warden Smith is hereby DENIED. Hagopian's motion for leave to file supplemental objections is hereby GRANTED. Hagopian's claims are hereby DISMISSED without prejudice for failure to exhaust administrative remedies.

SO ORDERED.

Dated: September 13, 2006

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 13, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---