# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARTIN HAGOPIAN,

       Plaintiff,                          CIVIL ACTION NO. 05-CV-74025-DT

    vs.

                                        DISTRICT JUDGE GEORGE CARAM STEEH

DAVID SMITH,                  MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' RENEWED MOTION FOR COSTS

This matter comes before the Court on the Renewed Motion for Costs of Previously Dismissed Action Pursuant to Fed. R. Civ. P. 41(d) and this Court's Order, filed by Defendants CMS, Inc., and Liz Kleinhardt on September 12, 2007. (Docket no. 72). Plaintiff has filed a Response to Defendants' Motion. (Docket no. 75). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 57). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is therefore ready for ruling.

    *A.*     *Facts and Procedural History*

This is a civil rights action filed by Plaintiff who is a Michigan prisoner. He is proceeding *pro se* and *in forma pauperis*. (Docket no. 7). Plaintiff previously filed an action (No. 04-CV-70475) in this court based on the same facts and alleging the same claims. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs which resulted in his becoming blind in one eye. The Court dismissed without prejudice that earlier action as to Defendants CMS and Kleinhardt based on Plaintiff's failure to show exhaustion of his administrative remedies. (No. 04-70475, docket no. 27). In the dismissal order, the Court ordered that "should plaintiff refile his claims, any instant defendant

-1-

renamed in a refiled complaint may immediately move the court for relief requiring plaintiff to pay costs and fees before further pursuing the refiled lawsuit. The court hereby retains jurisdiction over the issue of whether plaintiff should be required to pay costs and fees upon refiling this lawsuit against any renamed defendant." (*Id.*).

The earlier action was dismissed in October 2004. Plaintiff filed the present action in October 2005 naming Defendant CMS, Defendant Kleinhardt, and others. Defendants CMS and Kleinhardt filed their first motion for costs of the previously dismissed action in November 2005. (Docket no. 6). Other Defendants filed a motion to dismiss for failure to exhaust administrative remedies. (Docket no. 21). This Court recommended that the action be dismissed without prejudice for failure to exhaust administrative remedies and that the motion for costs be denied. (Docket no. 36). The district court adopted those recommendations, and dismissed the action. (Docket no. 44). Plaintiff appealed, and the Sixth Circuit vacated the judgment and remanded the action for further proceedings due to the change in the law regarding exhaustion in the Sixth Circuit. (Docket no. 54). Defendants CMS and Kleinhardt have now filed this renewed motion for costs. Defendants move for their costs in the previous action based on Fed. R. Civ. P. 41(d). (Docket no. 72 at 11). The district court's Order dismissing the previous action specifically allows Defendants to file such a motion. Defendants seek a total of $8,898.33 in fees and costs for the previous action. (*Id.*, attached Bill of Costs). The portion of this amount attributable to costs, as opposed to attorney fees, is $186.33. (*Id.*).

  B.  *Governing Law*

Rule 41(d), Fed. R. Civ. P., provides as follows:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

The decision whether to award costs is within the court's discretion. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

C. *Analysis*

Plaintiff first relies on the district court's Order of September 13, 2006 which denied Defendants' motion for costs. (Docket no. 44). This Order followed the district judge's adoption of this Court's recommendation to deny this motion because the action was being dismissed and this dismissal would effectuate Rule 41(d)'s policy of protecting defendants from relitigating previously dismissed claims, and because Plaintiff was indigent and ordering him to pay over $8,000 in fees and costs would be a draconian measure. (Docket no. 36). Defendant argues that this previous denial of Defendants' motion should act as a bar to granting it now. This argument ignores the Sixth Circuit's vacatur of the judgment entered in conjunction with the district court's final order. Because there is not now a final order entered in this action, there is no bar to granting this motion now should the Court wish to do so. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."). Therefore, Plaintiff's claim that the September 13 Order bars granting Defendants' Motion must be rejected.

Plaintiff also argues that he is indigent and that ordering him to pay the amount of money requested by Defendants would "amount to him not being able to pursue his law suit." (Docket no. 75 at 5). Because the Prison Litigation Reform Act now provides that an award of costs may be paid over time just as an indigent pays the filing fee for an action, indigency is not an absolute defense to a prisoner being ordered to pay the costs of an action. *Singleton*, 241 F.3d at 541. However, indigency may properly be considered by a court in determining whether to award costs and the amount thereof. (*Id.* at 540-41).

-3-

Although the arguments advanced by Plaintiff are not entirely persuasive, there are other factors that influence this Court's exercise of discretion in this matter. Rule 41(d) is intended to serve as a deterrent to forum shopping and vexatious litigation. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000). There is no allegation in this action that Plaintiff is engaging in forum shopping. In addition, the Court cannot characterize this action as vexatious litigation. Whether or not Plaintiff will ultimately succeed on his claims, there is no doubt that his claim of deliberate indifference to a serious medical need concerns a set of facts much more serious than the normal prisoner claim of deliberate indifference. Moreover, there is no showing that Plaintiff is a frequent litigator. A search of this Court's records and those of the Western District of Michigan fails to reveal any other actions filed by Plaintiff other than the two being discussed in this Order. Finally, the Court notes that the issue on which his claims were dismissed, administrative exhaustion, is an evolving area of the law as evidenced by the remand order in this action. This is not a situation where the prisoner failed to make any attempt to exhaust his remedies. Therefore, the Court finds that taxing Plaintiff with the costs of the earlier action would not effectuate the stated goals of Rule 41(d).

The Court is also influenced by the type of charges for which Defendants are seeking reimbursement from Plaintiff. A review of their Bill of Costs shows that they seek reimbursement for $8,712.00 ins attorney fees. (Docket no. 72, ex. B). However, the Sixth Circuit after acknowledging that courts have decided otherwise, held that "attorney fees are not available under Rule 41(d)." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000). This is so because the Rule authorizes only the recovery of "costs," and traditionally there has been a distinction between costs and attorney fees. (*Id.*). Therefore, practically all of the charges for which Defendants seek reimbursement are not allowable under Rule 41(d).

Even if attorney fees were proper under the Rule, a review of the charges shows that Defendants' counsel is seeking reimbursement for discovery-related attorney fees which should not have been necessary, or to a much lesser degree necessary, due to the dismissal of the earlier case on exhaustion grounds. It appears that these charges for discovery also are included in the costs for which Defendants seek recovery. The largest cost expenditure is for mileage on a date when counsel met with Defendant Kleinhardt (according to the attorney fee charges) regarding her "involvement and standard of care." (Docket no. 72-4 at 5). There is no showing by Defendants that a conference on those matters was necessary for counsel to file a motion to dismiss based on the lack of administrative exhaustion.

For all of these reasons, the Court exercises its discretion not to award to Defendants the costs for the previously dismissed action.

**IT IS THEREFORE ORDERED** that Defendants' Renewed Motion for Costs of Previously Dismissed Action (docket no. 72) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 15, 2007                s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Martin Hagopian and Counsel of Record on this date.

Dated: October 15, 2007                s/ Lisa C. Bartlett
                                                   Courtroom Deputy