UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARTIN HAGOPIAN,

        Plaintiff,

                                              Case No. 05-CV-74025
vs.                                  HON. GEORGE CARAM STEEH


DAVID SMITH, et al.,

        Defendants.

_____/

ORDER MODIFYING REPORT AND RECOMMENDATION (#84),
GRANTING IN PART DEFENDANTS KLEINHARDT'S AND CMS'
MOTION TO DISMISS (#79), AND DISMISSING FEDERAL CLAIMS AGAINST
KLEINHARDT ONLY, WITHOUT PREJUDICE

On referral from this court, Magistrate Judge Mona Majzoub issued a January 31,

2008 Report and Recommendation recommending that defendants Liz Kleinhardt's and

Correctional Medical Services, Inc.'s (CMS) motion to dismiss pro se state prisoner Martin

Hagopian's civil rights claims be granted as to Kleinhardt for failure to exhaust

administrative remedies, and denied in all respects as to CMS. The parties filed timely

competing objections to the Report and Recommendation. "A judge of the court shall make

a de novo determination of those portions of a report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). "A judge of the

court may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate." Id.

The circumstances underlying this lawsuit have been set forth in previous opinions

and orders, and will be reiterated herein only to the extent necessary to adjudicate the

instant objections. CMS contracts with the Michigan Department of Corrections (MDOC)

to provide health services to state prisoners.  Kleinhardt is a CMS employee who was allegedly assigned to evaluate recommendations from MDOC physicians regarding treatment referrals for state prisoners housed at Michigan's Ryan Correctional Facility. Hagopian filed a Complaint on October 4, 2005 alleging claims of deliberate indifference to medical needs and gross negligence against the several defendants, including CMS and Kleinhardt, resulting in blindness in his left eye.  On September 13, 2006, this court accepted Magistrate Judge Majzoub's August 7, 2006 Report and Recommendation recommending that Hagopian's claims be dismissed as alleged against every party-defendant[1] for failure to exhaust administrative remedies.  In dismissing Hagopian's claims, this court held pursuant to Jones-Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005) that: (1) the Prison Litigation Reform Act ("PLRA") requires "total exhaustion" of grievances and the dismissal of a prisoner's entire complaint if the complaint alleges both exhausted and unexhausted claims; and (2) a defendant named in a complaint must be specifically identified in a grievance.  This court reasoned:

> . . . Although the grievance forms attached to Hagopian's complaint indicate Hagopian did pursue a Step III administrative appeal with respect to his second August 16, 2002 grievance filed against a "Doctor Darrow," and that Hagopian filed a Step I grievance naming a "Dr. Shanell" which was pursued through Step III, such does not displace the Magistrate Judge's findings that Hagopian failed to totally exhausted his administrative remedies against the named defendants in this lawsuit, as is required by law.

September 13, 2006 Order, at 5.

Hagopian appealed the decision, and on July 13, 2007, a panel of the Sixth Circuit vacated the dismissal pursuant to the Supreme Court's January 22, 2007 decision in Jones v. Bock, 549 U.S. 199 (2007), holding that: (1) failure to exhaust is an affirmative defense,

---

[1]  The named defendants were former Ryan Road Correctional Facility Warden David Smith, the Michigan Bureau of Health Care Services (MBHCS), MBHCS Chief Medical Officer Dr. George Pramstaller, MDOC employee Yvonne Gardner Brown, CMS, and Kleinhardt.

and inmates are not required to plead or demonstrate exhaustion in their complaint; (2)

exhaustion is not per se inadequate simply because an individual later sued was not named

in the grievance; and (3) if a complaint includes both exhausted and unexhausted claims,

the court should dismiss only the unexhausted claims and proceed with the exhausted

claims.  Hagopian v. Smith, No. 06-2338, at 2-3 (6th Cir. July 13, 2007) (unpublished)

(citing Jones, 127 S.Ct. 910, 921-24).  The panel reasoned:

> If Hagopian's complaint contains both exhausted and unexhausted claims,
> his suit may proceed as to the exhausted claims rather than face dismissal
> in its entirety.  Moreover, Hagopian's complaint was not per se inadequate
> when he failed to initially name each defendant in his grievance who was
> named later in his complaint.

Id. at 3 (citing Jones, 127 S.Ct. at 924-25).  The matter was remanded to this court on

August 15, 2007.

Following remand, CMS and Kleinhardt filed affirmative defenses which include

failure to exhaust administrative remedies, as is required by the PLRA, 42 U.S.C. §

1997e(a).  September 7, 2007 Affirmative Defenses, ¶ 18, at 3.  CMS and Kleinhardt filed

their joint motion to dismiss on December 5, 2007 arguing: (1) Hagopian failed to exhaust

his administrative remedies under the MDOC's established grievance procedures; (2)

Hagopian has failed to identify a requisite CMS policy, custom, or practice that violated his

civil rights; and (3) Hagopian's negligence and gross negligence claims constitute medical

malpractice claims governed by M.C.L. §§ 600.2912b and 600.2912d, which required

Hagopian to provide CMS and Kleinhardt with 182-day written notice before filing suit, and

to file an Affidavit of Merit signed by a medical professional.  Magistrate Judge Majzoub

recommends that Kleinhardt be dismissed for failure to exhaust administrative remedies,

while CMS' motion to dismiss be denied.

### I.  Hagopian's Objections

Hagopian objects that federal district judges are not bound by the PLRA or its exhaustion requirements, arguing instead that the Constitution is controlling because it is the supreme law of the land.  Hagopian also objects to the finding that grievance RRF 01-10-1291 was untimely appealed to Step III following a three-year delay, thereby failing to exhaust this administrative grievance.  Hagopian argues the delay may be attributed to his retaliatory transfer to the Mound Road Correctional Facility under the guise of "security concerns."  Hagopian continues that delays in grievance responses from the MDOC commonly extend over months and even years.  Hagopian argues CMS and Kleinhardt received constructive notice of the grievance when he filed the grievance at Step I.  Hagopian objects to the finding that grievance NRF 02-08-0896 did not exhaust his administrative remedies relative to Kleinhardt because it did not relate to the treatment of his left eye, arguing MDOC policy required the grievance to be forwarded to CMS.  Hagopian concludes by advancing general objections to the Magistrate Judge's analysis of his claims of gross negligence and M.C.L. § 691.1407, a Michigan statute addressing governmental immunity from state law tort liability.

Hagopian's objection that district judges are not bound by the PLRA's exhaustion requirement is without merit.  Under the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory."  Woodford v. Ngo, 548 U.S. 81, 85 (2006); 42 U.S.C. § 1997e(a).  Hagopian's mere invocation of the Constitution as the supreme law of the law does not displace the mandatory requirement of exhaustion.  The objection is also unavailing because the argument was not presented to the Magistrate Judge.  See Whittum v. Saginaw County, No. 02-10313, 2005 WL 3271810, at *5 (E.D. Mich. Nov. 22, 2005) (recognizing that "[a] magistrate's decision should not be disturbed on the basis of arguments not presented to [her]".).  Hagopian's objection regarding his  three-year delay

in filing his Step III appeal of grievance RRF 01-10-1291 is also without merit. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91. Hagopian's unsupported assertions that he delayed three years in exhausting the grievance because such delays are common, and because he was the subject of a "retaliatory" transfer, are speculative and unpersuasive. Hagopian's argument that CMS and Kleinhardt received constructive notice that he was proceeding through Step III upon his filing of the grievance at Step I is not persuasive. Finding constructive notice of a Step III grievance upon the filing of a Step I grievance would effectively eviscerate the MDOC's established procedural rules for proceeding to Step III. Woodford, 548 U.S. at 90-91. Hagopian's objection that his NRF 02-08-0896 grievance was forwarded to CMS simply does not displace the ruling that the grievance did not relate to *Kleinhardt's* alleged deliberate indifference to treating Hagopian's left eye. The NRF 02-08-0896 grievance did not exhaust Hagopian's administrative claims relative to Kleinhardt. Hagopian's objections to the Magistrate Judge's recommendation that the claims alleged against Kleinhardt be dismissed for failure to exhaust administrative remedies are without merit.

Hagopian's general objection regarding the Magistrate Judge's rulings with respect to his purported state law claims of "gross negligence" under M.C.L. § 691.1407 draws the court's attention to the scope of 42 U.S.C. § 1997e(a), that is: "No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added). By its terms, the exhaustion requirement of § 1997e(a) applies only to claims brought under federal law,

not state law. The Magistrate Judge's recommendation that "*all* claims against [Kleinhardt] be dismissed without prejudice for failure to exhaust administrative remedies" is overreaching to the extent Hagopian has alleged state tort claims against Kleinhardt. See January 31, 2008 Report and Recommendation, at 1 (emphasis added).

The confusion is understandable in light of the claims alleged by Hagopian in his three count Complaint. Count I expressly alleges a federal § 1983 claim against Kleinhardt. Complaint, at 9. Count III, titled "Reckless Endangerment," alleges Hagopian's Eighth Amendment rights were violated when the defendants failed to provide medical treatment for his left eye. Complaint, ¶ 65, at 19. Consistent with the above analysis, Kleinhardt is entitled to dismissal of these federal claims, without prejudice, for failure to exhaust administrative remedies.

Count II of Hagopian's Complaint is titled "Gross Negligence, Wilful and Wanton Misconduct of All Individual Defendants," alleging "[t]hat as the sole direct and proximate result of the deliberate, willfull [sic] and wanton violation of *Plaintiff's Constitutional Rights*, Plaintiff Mr. Martin Hagopian suffered injuries and damages[.]" Complaint, ¶ 57, at 17 (emphasis added). Consistent with Hagopian's response to the motion to dismiss that "he makes a claims [sic] under MCL § 691.1407, the gross negligence statute," the Magistrate Judge construed Count II as alleging, at least in part, a claim under state law. See January 31, 2008 Report and Recommendation, at 8 (reasoning that "these are all state law claims that ultimately may not be addressed by the Court under its supplemental jurisdiction if all federal claims are dismissed."). To the extent Count II alleges a claim that Hagopian's federal constitutional rights were violated, Count II as alleged against Kleinhardt is subject to dismissal for failure to exhaust administrative remedies. However, to the extent Count II alleges a claim under state law, the claim is not subject to dismissal under 42 U.S.C. §

1997e(a) for failure to exhaust administrative remedies.

## II. CMS's and Kleinhardt's Objections

CMS and Kleinhardt object that the Magistrate Judge erred by ruling that the NRF 02-08-0896 grievance "named" CMS, and that the grievance was timely filed. CMS and Kleinhardt also object that the Magistrate Judge erred by ruling that Hagopian's § 1983 claims were not subject to dismissal for lack of allegations of a requisite CMS policy, custom, or practice that was an alleged proximate cause of his injuries. CMS and Kleinhardt further object to the denial of their motion to dismiss Hagopian's claims under M.C.L. § 691.1407, arguing they are not a governmental agency or employee to which the statute applies, the statute itself is an affirmative defense and not a cause of action, and any claim of common law claim of gross negligence constitutes an untimely medical malpractice claim.

CMS's and Kleinhardt's objection regarding the NRF 02-08-0896 grievance is without merit. As made clear by the Sixth Circuit on remand, exhaustion is not inadequate simply because a named defendant was not also named in the grievance. Hagopian, No. 06-2338, at 2-3 (citing Jones, 127 S.Ct. at 924-25). CMS does not dispute that it received a copy of the grievance which, at Step II, informed CMS that Hagopian needed to be referred out to the Kresge Eye Institute's Dr. Solom for treatment, and had been waiting for over three months. Exhibit B attached to Complaint. Simply failing to expressly name CMS was not per se inadequate. Id. CMS's objection that the Magistrate Judge applied her own standards in finding that the grievance was untimely is also without merit. The Magistrate Judge expressly applied MDOC's procedures in determining that the grievance was timely. See January 31, 2008 Report and Recommendation, at 5. Consistent with Jones, a calculation of the timing of the grievance under "the prison's requirements" was

7

appropriate.  See Jones, 127 S.Ct. at 922.  CMS's objection that Hagopian's federal claims fail for lack of a requisite policy, custom, or practice that allegedly caused Hagopian's damages is meritless in light of the specific allegations of unconstitutional policies set forth in Count III.  See Complaint, ¶¶ 66-72, at 19-21.

CMS's and Kleinhardt's objection regarding Hagopian's purported state law claim of "gross negligence" is accurate to the extent that M.C.L. § 691.1407 is an affirmative defense to an underlying tort claim, not a tort claim itself.  See Patterson v. Kleiman, 199 Mich. App. 191, 192, 500 N.W.2d 761 (1993), aff'd as modified, 447 Mich. 429 (1994). With certain exceptions, state governmental agencies are immune from tort liability if they are engaged in the exercise or discharge of a governmental function.  M.C.L. § 691.1407(1). Again with certain exceptions, employees of a state governmental agency are immune from tort liability if the employee's conduct does not amount to "gross negligence,"  M.C.L. § 691.1407(2)(c), with "gross negligence" defined to be "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."  M.C.L. § 691.1407(7)(a).  The initial issue here, for purposes of even applying M.C.L. § 691.1407, is the nature of the underlying state law claim alleged by Hagopian.

Count II is titled "Gross Negligence, Wilful and Wanton Misconduct of All Individual Defendants," and alleges "[t]hat as the sole direct and proximate result of the deliberate, willfull [sic] and wanton violation of *Plaintiff's Constitutional Rights*, Plaintiff Mr. Martin Hagopian suffered injuries and damages[.]"  Complaint, ¶ 57, at 17.  Governmental immunity under M.C.L. § 691.1407 provides a defense from state tort claims, whereas qualified immunity provides a defense for federal 42 U.S.C. § 1983 claims alleging violations of federal law.  See John Doe (1-3) v. Dearborn Public Schools, 06-CV-12369-DT, 2008 WL 896066, at *3 (E.D. Mich. March 31, 2008) (Hood, J).  M.C.L. § 691.1407 has

no legal significance relative to an alleged violation of Hagopian's federal "Constitutional Rights." Likewise, M.C.L. § 691.1407 has no legal significance relative to a violation of Hagopian's state "Constitutional Rights" because "[w]here it is alleged that the state, by virtue of custom or policy, has violated a right conferred by the Michigan Constitution, governmental immunity is not available in a state court action." Smith v. Dept. of Public Health, 428 Mich. 540, 544, 410 N.W.2d 749 (1987).

Consistent with Hagopian's express allegation in Count II that the proximate cause of his injuries is the violation of "Plaintiff's Constitutional Rights," M.C.L. § 691.1407 is simply inapplicable, whether Hagopian is alleging the violation of a federal or state constitutional right. Kleinhardt's and CMS's objection that they are not state governmental entities to which M.C.L. § 691.1407 applies is moot on this court's finding that Count II alleges the individual defendants violated Hagopian's constitutional rights. To the extent Count II alleges Kleinhardt violated Hagopian's federal constitutional rights, the claim will be dismissed for failure to exhaust administrative remedies. To the extent Count II alleges CMS violated Hagopian's federal constitutional rights, the claim is not subject to dismissal for failure to exhaust administrative remedies. The court leaves for further legal development whether Count II, construed as a federal claim, is duplicative of Counts I and III. To the extent Count II alleges a violation of Hagopian's state constitutional rights, such a claim likewise remains for further development. Hagopian's and CMS's objection that Count II should be dismissed because it constitutes a medical malpractice claim is not well taken. Construed as expressly alleged, Count II alleges violations of Hagopian's constitutional rights.

## III. Conclusion

For the reasons set forth above, the Magistrate Judge's January 31, 2008 Report

and Recommendation is hereby MODIFIED. Kleinhardt's and CMS's motion to dismiss is hereby GRANTED, IN PART, to the extent that Hagopian's federal claims as alleged against Kleinhardt ONLY in Counts I, II, and III are hereby DISMISSED, without prejudice, for failure to exhaust administrative remedies. Kleinhardt's and CMS's motion to dismiss is hereby DENIED, without prejudice, to the extent Hagopian is alleging a state law claim in Count II against Kleinhardt, and DENIED, without prejudice, in all respects as to CMS. Count II as it alleges a state law claim is the only remaining claim as alleged against Kleinhardt. All Counts remain as alleged against CMS.

SO ORDERED.

Dated: August 12, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 12, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk