**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARTIN HAGOPIAN,

       Plaintiff,                    CIVIL ACTION NO. 05-CV-74025-DT

vs.

                                         DISTRICT JUDGE GEORGE CARAM STEEH

DAVID SMITH,               MAGISTRATE JUDGE MONA K. MAJZOUB
et. al,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    Defendants Jane and John Doe should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

**II.**    **REPORT:**

This matter comes before the Court on Plaintiff's Response to the Court's Order to Show Cause why Defendants John Doe and Jane Doe should not be dismissed pursuant to Fed. R. Civ. P. 4(m). (Docket nos. 94, 96). Plaintiff named Defendants Jane and John Doe in his Complaint and identified them as "an unknown employee of the Department of Corrections assigned to the Ryan Road Facility and charged with the responsibility of processing information and request for medical treatment." (Docket no. 1 ¶ 12). Plaintiff's Complaint was filed on October 20, 2005. (Docket no. 1). Because over 120 days had passed without Plaintiff serving these Defendants, the Court issued a show cause order. (Docket no. 94). Plaintiff responded stating that he has not been able to find out any more information on these Defendants. (Docket no. 96). However, Plaintiff seeks to amend his Complaint to add as Defendants the Director of the Michigan Department of Corrections, Patricia

Caruso, and the Executive Vice President and Chief Operating Officer of Correctional Medical Services, Inc., Vickie Bybee. All pretrial matters have been referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Plaintiff identified Jane and John Doe in his Complaint as employees of the Department of Corrections assigned to the Ryan Road prison facility and charged with the responsibility of processing information and requests for medical treatment. Neither the Director of the MDOC or the vice president of Correctional Medical Services fits this description. It is apparent that Plaintiff has not identified John and Jane Doe and simply seeks now to amend his Complaint to add the new Defendants Caruso and Bybee. This Court will address Plaintiff's Motion to Amend in a separate order. For the purposes of this Recommendation, the Court determines whether Plaintiff has shown good cause for failing to serve John and Jane Doe.

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). But if the plaintiff shows good cause for the failure, the court must extend the time for service. (*Id*.).

Plaintiff fails to show good cause for not timely serving John and Jane Doe. Well over 120 days have passed since Plaintiff filed his Complaint. Although Plaintiff alleges that he has attempted to identify these persons, he fails to show that he made reasonable efforts. Plaintiff does not request more time to identify these persons. His description of John and Jane Doe in his Complaint shows that the two Defendants that Plaintiff seeks to add are not the Jane or John Does he named in his Complaint. Finally, there would be no point in extending the time for service when

Plaintiff does not know the identity of John and Jane Doe. Therefore, this Court recommends dismissing John and Jane Doe without prejudice pursuant to Rule 4(m).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 06, 2008  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Martin Hagopian and Counsel of Record on this date.

Dated: November 06, 2008        s/ Lisa C. Bartlett
                                           Courtroom Deputy