UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

        Plaintiff,               CIVIL ACTION NO. 05-CV-74025-DT

vs.

                                     DISTRICT JUDGE GEORGE CARAM STEEH

DAVID SMITH,               MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** This Court recommends that Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order filed on January 30, 2009 (docket no. 105) be **DENIED**.

**II.    REPORT:**

    **A.    Facts and Procedural History**

Plaintiff is a Michigan state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to provide proper treatment for his diabetic macular retinopathy and macular edema which resulted in his losing sight in his left eye. (Docket no. 1). Plaintiff in this motion claims that Defendants plan to transfer him to a different prison, one which might not be able to provide the same level of medical care that he receives where he is now, based solely on a notice of deposition from Defendants setting the deposition for February 6, 2009 at the different prison. (Docket no. 105 at 2). Plaintiff seeks a temporary restraining order and preliminary injunction preventing Defendants from transferring him away from his current prison. (*Id*. at 1). Defendants oppose Plaintiff's motion. (Docket nos. 106, 107). All pretrial matters have been

referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

### B. Governing Law

Rule 65, Fed. R. Civ. P., authorizes the issuance of both preliminary injunctions and temporary restraining orders. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. (*Id.*). These factors are to be balanced. However, the failure to show a likelihood of success on the merits is usually fatal. *Gonzales v. National Bd. of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000). The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

### C. Analysis

Defendants argue that Plaintiff's fear of being transferred to a different prison has no basis in fact. (Docket no. 107 at 2). The time for the deposition of Plaintiff has now passed. It is clear from the address Plaintiff is using after that time that he was not transferred to a different prison. (Docket no. 108 (showing Plaintiff is still located at Mound Correctional Facility)). Defendants state that the deposition notice setting Plaintiff's deposition at Macomb Correctional Facility was

a clerical error and that a corrected deposition notice was immediately issued. (Docket no. 107 at 2). Plaintiff has not disputed this allegation, and the fact that Plaintiff is still located at Mound Correctional Facility supports Defendants' allegation. Therefore, the Court finds that Plaintiff's fear of being transferred due to the deposition notice has no basis in fact. Plaintiff has failed to show that the circumstances demand the issuance of an injunction. *See Overstreet*, 305 F.3d at 573. Plaintiff's motion should therefore be denied.

The Court finds that discussion of the traditional factors considered in granting injunctive relief is not necessary due to the lack of factual support for Plaintiff's claim. To the extent that consideration of those factors is required, the Court finds that they do not favor granting injunctive relief for Plaintiff.

Accordingly, Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order should be denied.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 19, 2009  　　　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Martin Hagopian and Counsel of Record on this date.

Dated: March 19, 2009  　　　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy