UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

    Plaintiff,

vs.

                                            Case No. 05-CV-74025
                                           HON. GEORGE CARAM STEEH

DAVID SMITH, et al.,

    Defendant.
_____/

ORDER OVERRULING PLAINTIFF'S OBJECTION (#112)
AS TO MAGISTRATE JUDGE'S MARCH 13, 2009
ORDER DENYING APPOINTMENT OF COUNSEL AND
ACCEPTING MAGISTRATE JUDGE'S MARCH 19, 2009
REPORT AND RECOMMENDATION (#111)

Plaintiff Martin Hagopian, a Michigan prisoner appearing pro per, filed an "Appeal" (#112) as to Magistrate Judge Mona Majzoub's March 13, 2009 Order (#110) denying Hagopian's motion for appointment of counsel (#109) in this civil rights case brought under 42 U.S.C. § 1983. Within 10 days after a Magistrate Judge issues an order deciding a non-dispositive matter, a party may file objections to the order. See Fed. R. Civ. P. 72(a). The Court construes Hagopian's "Appeal" as such an objection, and orders that the objection be resolved without oral argument. E.D. Mich. Local R. 7.1(e)(2). In considering Hagopian's objection, this Court shall modify or set aside any portion of the Order found to be clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a).

As recognized by Magistrate Judge Majzoub, appointment of counsel for prisoners proceeding in forma pauperis is within the Court's discretion, justified only by exceptional circumstances, an analysis which generally involves a determination of the complexity of the involved issues. Lavado v. Keohane, 992 F.2d 601, 605-606 (6th Cir. 1993); Glover v. Johnson, 75 F.3d 264, 268 (6th Cir. 1996). An abuse of discretion exists only if the

reviewing court is left with a definite and firm conviction that a mistake has been made. Bowling v. Pfizer, 102 F.3d 777, 780 (6th Cir. 1996) (quoting Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989)).

Magistrate Majzoub's analysis is not contrary to law as it recognizes her discretionary authority to decide whether to appoint counsel in this matter.  This Court is not left with a definite and firm conviction that Magistrate Judge Majzoub was mistaken in exercising her discretion and denying Hagopian's motion for appointment of counsel without prejudice considering that Hagopian has adequately represented himself to date. The Court also notes that Hagopian filed three prior motions for appointment of counsel (#s 3, 23 and 55), all of which have been denied.  Hagopian's March 24, 2009 "Appeal," properly construed as an objection to Magistrate Judge Majzoub's March 13, 2009 Order, is hereby OVERRULED.

Magistrate Judge Majzoub also filed a March 19, 2009 Report and Recommendation, recommending that Hagopian's motion for a temporary restraining order/preliminary injunction (#105) be denied.  "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.  Hagopian has not filed timely objections to this Report and Recommendation.  The Court has reviewed the Report and Recommendation and hereby ACCEPTS it, in its entirety.  Accordingly,

Hagopian's March 24, 2009 objections (#112) to Magistrate Judge Majzoub's March 13, 2009 Order are hereby OVERRULED; Magistrate Judge Majzoub's March 19, 2009 Report and Recommendation is hereby ACCEPTED as the findings and conclusion of this Court.  Hagopian's motion for temporary restraining order/preliminary injunction (# 105) is

hereby DENIED.

    IT IS SO ORDERED.

    Dated: April 30, 2009

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 30, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---