UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

        Plaintiff,                    CIVIL ACTION NO. 05-CV-74025-DT

vs.

                                            DISTRICT JUDGE GEORGE CARAM STEEH

DAVID SMITH, BUREAU          MAGISTRATE JUDGE MONA K. MAJZOUB
OF HEALTH CARE SERVICES,
GEORGE PRAMSTALLER, CMS,
INC., LIZ KLEINHARDT, YVONNE
GARDNER BROWN, JANE DOE, and
JOHN DOE,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL COMPLETE AND THOROUGH ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS (DOCKET NO. 117)**

This matter comes before the Court on Defendants' Motion to Compel Complete and Thorough Answers to Defendants' First Set of Interrogatories and Second Request for Production of Documents. (Docket no. 117). Plaintiff did not file a response and the time for responding has expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants failed to provide proper treatment for his diabetic macular retinopathy and macular edema which resulted in his losing sight in his left eye. Defendants served

1

their First Set of Interrogatories and Second Request for Production of Documents to Plaintiff on January 19, 2009. Plaintiff served his responses to the Interrogatories on February 24, 2009. He has not responded to the document requests. In the instant motion, Defendants argue that Plaintiff's Interrogatory responses are incomplete. Defendants move the Court for an order compelling the Plaintiff to provide complete and thorough responses to their First Set of Interrogatories and Second Request For Production of Documents.

Defendants served twenty-four interrogatories to Plaintiff, most of which contain subparts relating to the primary question. Federal Rule of Civil Procedure 33 provides that a "party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed.R.Civ.P. 33(a)(1). "If the subparts to an interrogatory are necessarily related to the 'primary question,' the subparts should be counted as one interrogatory." *Harhara v. Norville*, No. 07-12650, 2007 WL 2897845, at *1 (E.D. Mich. Sept. 25, 2007). The Court has reviewed the Interrogatories along with their subparts and is satisfied that the Defendants have complied with Rule 33(a)(1).

The Interrogatories are relevant and related to the parties' claims and defenses in this case. The Court has read the Plaintiff's responses to each Interrogatory and concludes that the Plaintiff did not fully respond to Interrogatories numbers 1, 3, 4, 5, 6, 7, 8, 11, 12, 15, 18, 19, 21, 22, 23, and 24. Interrogatories numbers 1 and 4 ask Plaintiff for information related to lay or expert witnesses about whom Plaintiff may have knowledge, or with whom Plaintiff has consulted concerning the issues involved in this lawsuit. Interrogatories numbers 5, 8, 11, and 12 ask Plaintiff for information related to his employment and medical history and his involvement in prior legal actions. Interrogatories numbers 3, 6, 7, 15, 18, 19, 21, 22, 23, and 24 ask Plaintiff for information pertaining to the specific allegations contained in this lawsuit.

The Court will order the Plaintiff to provide to the Defendants more thorough responses to Interrogatories numbers 1, 3, 4, 5, 6, 7, 8, 11, 12, 15, 18, 19, 21, 22, 23, and 24 on or before January 4, 2010. The Court finds that the Plaintiff has responded satisfactorily to Interrogatories numbers 2, 9, 10, 13, and 14. The Court also finds that Interrogatories numbers 16, 17 and 20 ask for information about which the Defendants should already have knowledge through the Complaint, medical records, and discovery responses. Hence further responses to Interrogatories 2, 9, 10, 13, 14, 16, 17 and 20 will not be ordered at this time.

Defendants also request an order compelling Plaintiff to respond to the nine document requests included in Defendants' Second Request for Production of Documents. The document requests are relevant. The Court will therefore order the Plaintiff to respond in writing to each document request and state in his response whether the Plaintiff has responsive documents within his possession, custody, or control. Plaintiff must also state in response to each request whether he will produce the documents, or instead permit the Defendants to inspect or copy the documents. The Plaintiff is ordered to serve to the Defendants his responses to the Second Request for Production of Documents on or before January 4, 2010. If Plaintiff does not have responsive documents within his possession, custody, or control he should state as much in his response to each document request.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Compel Complete and Thorough Answers to Defendants' First Set of Interrogatories is **GRANTED** in part. Plaintiff is ordered to provide more thorough written responses to Interrogatories numbers 1, 3, 4, 5, 6, 7, 8, 11, 12, 15, 18, 19, 21, 22, 23, and 24 on or before January 4, 2010. Defendants' motion is denied without prejudice as it relates to the remaining Interrogatories.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Complete and Thorough

Answers to Defendants' Second Request for Production of Documents is **GRANTED**. Plaintiff is ordered to respond in writing to each document request and state in his response whether he has responsive documents within his possession, custody, or control. Plaintiff is further ordered to state in response to each request whether he will produce the documents or instead permit the Defendants to inspect or copy the documents. Plaintiff is ordered to serve his responses to the Second Request for Production of Documents to the Defendants on or before January 4, 2010. If Plaintiff does not have responsive documents within his possession, custody, or control he is ordered to state as much in his response to each document request.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 17, 2009       s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Martin Hagopian and Counsel of Record on this date.

Dated: December 17, 2009       s/ Lisa C. Bartlett
                                Case Manager

4