UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

          **Plaintiff,**          **CIVIL ACTION NO. 05-CV-74025-DT**

   **vs.**

                                  **DISTRICT JUDGE GEORGE CARAM STEEH**

DAVID SMITH, BUREAU        **MAGISTRATE JUDGE MONA K. MAJZOUB**
OF HEALTH CARE SERVICES,
GEORGE PRAMSTALLER, CMS,
INC., LIZ KLEINHARDT, YVONNE
GARDNER BROWN, JANE DOE, and
JOHN DOE,

          **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendants' Motion for Summary Judgment filed on July 1, 2009 (docket no. 119) and Defendants' Motion to Dismiss for Failure to Prosecute filed on September 18, 2009 (docket no. 127) should be **DENIED** as moot.

**II.**    **REPORT:**

       This matter comes before the Court on two motions. The first is Defendants' Motion for Summary Judgment filed on July 1, 2009. (Docket no. 119). The second is Defendants' Motion to Dismiss for Failure to Prosecute filed on September 18, 2009. (Docket no. 127). All pretrial matters have been referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A. Facts and Procedural History**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants failed to provide proper treatment for his diabetic macular retinopathy and macular edema which resulted in his losing sight in his left eye. On July 1, 2009 Defendants Kleinhardt and CMS, Inc. filed a Motion for Summary Judgment in accordance with this Court's scheduling order. (Docket no. 119). Plaintiff has not filed a response to the motion. On September 18, 2009 Defendants filed a Motion to Dismiss for Failure to Prosecute. (Docket no. 127). Defendants assert in their motion that Plaintiff's failure to respond to the Defendants' Motion for Summary Judgment or seek additional time in which to respond, constitutes sufficient grounds for dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

On November 25, 2009, Defendants filed a Motion for Leave to File an Amended Dispositive Motion. (Docket no. 131). This Court granted that motion. (Docket no. 137). Defendants filed an Amended Motion to Dismiss and Motion for Summary Judgment on November 25, 2009. (Docket no. 133).

**B. Analysis**

Defendants' Amended Motion to Dismiss and Motion for Summary Judgment filed on November 25, 2009 (docket no. 133) completely replaces the original Motion to Dismiss filed on July 1, 2009. (Docket no. 119). Accordingly, the Defendants' original Motion for Summary Judgment filed on July 1, 2009 should be denied as moot.

Defendants filed a Motion to Dismiss for Failure to Prosecute pursuant to Federal Rule of Civil Procedure 41(b) on September 18, 2009. (Docket no. 127). The motion is premised on the Plaintiff's failure to respond to the original Motion for Summary Judgment. The Defendants have since filed an Amended Motion to Dismiss and Motion for Summary Judgment. Plaintiff has been

given until January 4, 2010 to file a response to the amended motion.  The Defendants' Motion to

Dismiss for Failure to Prosecute should therefore be denied as moot.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver

of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later

than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.


Dated: December 17, 2009          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

        I hereby certify that a copy of this Report and Recommendation was served upon Martin

Hagopian and Counsel of Record on this date.


Dated:  December 17, 2009         s/ Lisa C. Bartlett
                                   Case Manager