# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARTIN HAGOPIAN,

      Plaintiff,                 CIVIL ACTION NO. 05-CV-74025

vs.

                                      DISTRICT JUDGE GEORGE CARAM STEEH

DAVID SMITH, BUREAU            MAGISTRATE JUDGE MONA K. MAJZOUB
OF HEALTH CARE SERVICES,
GEORGE PRAMSTALLER, CMS,
INC., LIZ KLEINHARDT, YVONNE
GARDNER BROWN, JANE DOE, and
JOHN DOE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Defendant Correctional Medical Services, Inc. and Liz Kleinhardt's Motion to Dismiss for Failure to Prosecute (docket no. 144) be **DENIED**, and the Defendants' Amended Motion to Dismiss and Motion for Summary Judgment (docket no. 133) be **GRANTED IN PART and DENIED IN PART**.

**II.**     **REPORT:**

This matter comes before the Court on two motions filed by Defendants Correctional Medical Services, Inc. and Liz Kleinhardt. The first motion is Defendants' Amended Motion to Dismiss and Motion for Summary Judgment. (Docket no. 133). The second motion is Defendants' Motion to Dismiss for Failure to Prosecute. (Docket no. 144). Plaintiff filed a response to the Motion to Dismiss for Failure to Prosecute. (Docket no. 145). Defendants filed a Reply Brief. (Docket no. 146). All pretrial matters have been referred to the undersigned for decision. (Docket

1

no. 11). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Facts and Procedural History**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983 and state law. Plaintiff alleges that Defendants failed to provide proper treatment for his diabetic macular retinopathy and macular edema which resulted in the partial loss of his eyesight. With respect to the instant motions Defendants are Correctional Medical Services ("CMS") and Liz Kleinhardt. CMS is a private corporation which contracts with the Michigan Department of Corrections ("MDOC") to provide selected medical services to inmates. Liz Kleinhardt is a CMS employee and utilization review nurse at Ryan Road Correctional Facility ("RRF"). (Docket no. 69).

On August 12, 2008 the district court entered an Order which among other things clarified the claims left remaining in this litigation. (Docket no. 92). Consistent with this Order, the remaining claims against CMS and Kleinhardt are as follows: (1) a claim against Kleinhardt alleging a violation of Plaintiff's rights under the Michigan Constitution, and 2) a claim against CMS for violation of Plaintiff's Eighth Amendment rights and for violation of Plaintiff's rights under the Michigan Constitution. The three remaining claims against Defendants CMS and Kleinhardt are stated in Count II of Plaintiff's complaint.

CMS and Kleinhardt now move to dismiss the remaining claims against them, arguing that Plaintiff has failed to state a claim against them for violation of the Michigan Constitution, and arguing that Plaintiff's Eighth Amendment claim against CMS is barred by the statute of limitations and is not supported by evidence of any unconstitutional policy, practice, or procedure. Defendants

2

CMS and Kleinhardt also filed a Motion to Dismiss for failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**B. Standard**

Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of the action based on the failure of the plaintiff to prosecute or to comply with the federal rules or any order of the court. Before dismissing an action or claim under Rule 41(b), the court must consider the following: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has

met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C. Analysis**

1. Defendants' Motion to Dismiss for Failure to Prosecute

Defendants seek dismissal of Plaintiff's claims with prejudice based on Plaintiff's failure to respond or move for an enlargement of the time to respond to the Defendants' Amended Motion to Dismiss and Motion for Summary Judgment. Plaintiff filed an untimely response to the Motion to Dismiss for Failure to Prosecute. With his response, Plaintiff submitted documents purporting to be his responses to various motions filed by the Defendants. (Docket no. 145). One of these responses is titled "Plaintiff's Response to Defendant's Amended Motion to Dismiss and Motion for Summary Judgment." (Docket no. 145, Ex. C). An attached Proof of Service shows that Plaintiff mailed this document to counsel for Defendants CMS and Kleinhardt, and counsel for Defendants Pramstaller, Gardner-Brown and Smith, on December 29, 2009. The document was not filed with the Court. While Defendants CMS and Kleinhardt have not represented to the Court that they received the response, on January 6, 2010 Defendants Smith and Gardner-Brown filed a Reply Brief in support of their own motion for summary judgment. (Docket no. 142). Under the local court rules, a Reply Brief is only permitted after service of a response has been made. E.D. Mich. LR 7.1(e).

4

District courts should be especially hesitant to dismiss claims for procedural deficiencies where the failure is caused by a pro se litigant. *Marshek v. Marske*, No. 07-14407, 2009 WL 160256, at *5 (E.D. Mich. Jan. 22, 2009) (citation omitted). Plaintiff asks the Court to properly adjudicate his claims before the Court. He has not been warned that failure to timely respond to the Defendants' motion will result in dismissal of his claims. Furthermore, the Plaintiff has not abandoned his case. Rather, it appears that the Plaintiff made some effort to respond to the Defendants' Amended Motion to Dismiss and Motion for Summary Judgment, although he did so improperly. Based on these factors, the Court recommends that Defendants' Motion to Dismiss for failure to Prosecute be denied.

2. Defendants' Amended Motion to Dismiss and Motion for Summary Judgment

    a. State Constitutional Claims

Count II of Plaintiff's complaint alleges in part that Defendants violated Plaintiff's constitutional rights when they acted with extreme carelessness, gross negligence, recklessness, and without concern for his safety by failing to identify Plaintiff's medical emergency and obtain medical attention on his behalf. Count II further states that Defendants failed to train officers, and failed to have adequate policies and procedures concerning the processing of medical referrals and reports. (Docket no. 1 at 15-17). On August 12, 2008, the district court concluded that it should be left for further development whether Plaintiff alleged a violation of his state constitutional rights. (Docket no. 92).

Defendants CMS and Kleinhardt contend that Plaintiff has failed to state a cognizable claim for violation of the Michigan Constitution. They argue that under Michigan law, no action for

damages may be brought against an entity other than the state for violation of state constitutional rights.

Plaintiff has not identified which state constitutional provision was allegedly violated by the Defendants. There is no indication that discovery fleshed out additional details which may clarify whether Plaintiff asserts a claim for violation of the Michigan constitution. Plaintiff has not demonstrated that Defendants CMS and Kleinhardt, a private corporation and its employee, are state actors for purposes of a state constitutional claim. Moreover, to the extent Plaintiff could make such a showing, state law provides that damages may not be awarded against a municipality or government employee for violation of a state constitutional right when other remedies exist. *Jones v. Powell*, 612 N.W.2d 423 (Mich. 2000). Plaintiff's damage remedy lies in 42 U.S.C. § 1983. Hence, with regard to an alleged state constitutional violation against Defendants CMS and Kleinhardt, Plaintiff has failed to state a claim upon which relief can be granted and his claim against both Defendants should be dismissed. Since this is the only claim left remaining against Defendant Kleinhardt, the Court recommends that she be dismissed from this action.

b. Eighth Amendment Claim Against CMS

CMS argues that Plaintiff's claim for violation of Plaintiff's Eighth Amendment rights is barred by the statute of limitations. In Section 1983 cases, the appropriate statute of limitations is the analogous three-year statute of limitations applied in state personal injury actions. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988); Mich. Comp. Laws § 600.5805(10). A plaintiff must file his lawsuit within three years of when his claim accrues. *Thompson-Bey v. Stapleton*, 558 F. Supp. 2d 767, 770 (E.D. Mich. 2008). The statute of limitations is tolled during

6

the period in which a prisoner is in the process of properly exhausting his available administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

In previous proceedings in this case the Court found that grievance no. RRF 01-10-1291 was not timely appealed to step III and thus does not exhaust any remedies against Defendants. (Docket no. 84, 92). The Court also found that grievance nos. NRF 02-08-0896-12D and NRF 03-09-1003-12D2 did properly exhaust remedies against Defendant CMS. (Docket no. 84, 92). Consequently, in this action the Court may consider claims addressed in grievance nos. NRF 02-08-0896-12D and NRF 03-09-1003-12D2, but not those complained of in grievance no. RRF 01-10-1291. Plaintiff's appeal of grievance no. NRF 02-08-0896-12D was rejected on November 21, 2002. (Docket no. 1, Ex. B). His step III appeal of grievance no. NRF 03-09-1003-12D2 was rejected on May 3, 2004. (Docket no. 79, Ex. B). Accordingly, the Court finds that the claims against Defendant CMS exhausted in grievance nos. NRF 02-08-0896-12D and NRF 03-09-1003-12D2 are not barred by the statute of limitations.

The Court observed in an earlier ruling that grievance no. NRF 02-08-0896-12D was filed after Plaintiff was told that nothing could be done for his left eye. (Docket no. 84). In grievance no. NRF 02-08-0896-12D Plaintiff complains of changes to his right eye and asks to be sent to the Kresge Eye Center before be becomes blind in his right eye as well. The step II response to this grievance states that on or around October 2001 Dr. Derro recommended that Plaintiff be seen at the Kresge Eye Institute, however CMS denied this request. It goes on to say that Dr. Derro is appealing this decision by CMS. (Docket no. 1, Ex. B). Grievance no. NRF 03-09-1003-12D2 also relates to Plaintiff's complaint that he is waiting for CMS approval for offsite to Kresge Eye Institute, which allegedly was requested on September 11, 2003.

7

Plaintiff states in his grievances that Defendant CMS approved a number of requests for Plaintiff to go to Kresge Eye Institute, but did not "comply in/with approval in a timely fashion to meet the calendar date set by the specialist for treatment." (Docket no. 1, Ex. B, Third step grievance). Additionally, Plaintiff identified various steps that must be taken by CMS before a prisoner receives permission for examination by a specialist, including that a Form 407 must be faxed to CMS, CMS must share information with MDOC, and then CMS either grants or denies the referral. (Docket no. 84). The Court found that Plaintiff's allegations put CMS on notice of a problem with its referral process. (Docket no. 84, 92).

Defendant CMS correctly argues that a plaintiff bringing an action under § 1983 may not base liability on a theory of respondeat superior or vicarious liability. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Rather, for purposes of establishing § 1983 liability, a plaintiff must show that a policy, procedure, or custom of the defendant caused his injuries. *Monell v. Dep't. of Social Serv.*, 436 U.S. 658, 690-92 (1978). In an earlier ruling, the Court found that Plaintiff's Eighth Amendment claim against CMS is that the current policies which determine the time frame under which a prisoner receives emergent medical care are unconstitutional. (Docket no. 84, 92).

While Plaintiff's complaint states that the Defendants engaged in wrongdoing between April 2000 and November 2001, the Court concluded that Plaintiff properly exhausted claims against CMS for alleged wrongdoing between October 2001 continuing through 2003. (Docket no. 84, 92). CMS has not provided the Court with any evidence concerning policies it maintained during this time frame which governed how requests for emergent medical care were processed by CMS, including how quickly its staff was required to respond to such requests. It is not clear from the

medical record that on or around October 2001 a Dr. Derro recommended that Plaintiff be seen at the Kresge Eye Institute, that CMS denied this request, and that Dr. Derro appealed this decision. Additionally, the medical records submitted to this Court with the instant motion are silent as to treatment Plaintiff received in 2003, particularly with respect to requests made to CMS for treatment to Plaintiff's right eye. (Docket no. 134).

The party moving for summary judgment bears the burden of showing an absence of a genuine issue of material fact. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Defendant CMS has not sustained its burden on this motion. Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's Eighth Amendment claim against CMS should be denied.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: July 19, 2010                         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Martin Hagopian and Counsel of Record on this date.


Dated: July 19, 2010                         s/ Lisa C. Bartlett
                                             Case Manager