UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

      Plaintiff,                        CIVIL ACTION NO. 05-CV-74025

vs.

                                         DISTRICT JUDGE GEORGE CARAM STEEH

DAVID SMITH, BUREAU            MAGISTRATE JUDGE MONA K. MAJZOUB
OF HEALTH CARE SERVICES,
GEORGE PRAMSTALLER, CMS,
INC., LIZ KLEINHARDT, YVONNE
GARDNER BROWN, JANE DOE, and
JOHN DOE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Defendants Smith and Gardner-Brown's Rule 12(b) Motion to Dismiss (docket no. 135) be **GRANTED**.

**II.**     **REPORT:**

**A. Facts and Procedural History**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983 and state law. Plaintiff alleges that Defendants failed to provide proper treatment for his diabetic macular retinopathy and macular edema which resulted in the partial loss of his eyesight. With respect to the instant motion Defendants are David Smith, the former warden at Ryan Road Correctional Facility ("RRF"), and Yvonne Gardner-Brown, the health services secretary at RRF. A full recitation of the underlying facts is unnecessary for the resolution of the present motion. The circumstances underlying this lawsuit have been fully set forth in the Court's previous Report and

1

Recommendations, Opinions, and Orders.

This matter is presently before the Court on the Rule 12(b) Motion to Dismiss filed by Defendants Smith and Gardner-Brown. (Docket no. 135). Defendant Smith moves for dismissal of Plaintiff's claims on the grounds that he was not personally involved in the alleged unconstitutional activity giving rise to Plaintiff's complaint. Additionally, both Defendants assert that Plaintiff's Eighth Amendment claim against them is time-barred under 42 U.S.C. § 1983. On January 6, 2010 Defendants filed a Reply Brief (docket no. 142), apparently in answer to a response served on them by Plaintiff but not filed with the Court. (Docket no. 145, Ex. C). All pretrial matters have been referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**B. Governing Law**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction. *Id.*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the

plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and applies to suits with respect to prison conditions regardless of the type of relief sought. *Booth v. Churner,* 532 U.S. 731, 741 (2001); *Porter v. Nussle,* 534 U.S. 516, 520 (2002).

**C. Analysis**

Defendants contend that Plaintiff's cause of action accrued no later than October 1, 2001, the date shown as the "date of incident" on grievance no. RRF-01-10-1291, and is therefore time-barred. (Docket no. 1, Ex. A). In Section 1983 cases, the appropriate statute of limitations is the analogous three-year statute of limitations applied in state personal injury actions. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988); Mich. Comp. Laws § 600.5805(10). A plaintiff must file his lawsuit within three years of when his claim accrues. *Thompson-Bey v. Stapleton*, 558 F. Supp. 2d 767, 770 (E.D. Mich. 2008). The statute of limitations is tolled during the period in which a prisoner is in the process of properly exhausting his available administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

In previous proceedings in this case, the Court found that grievance No. RRF-01-10-1291 was not timely appealed to step III and thus does not exhaust any remedies against Defendants. (Docket no. 84, 92). Other grievances submitted to the Court by the parties in this action were filed while Plaintiff was incarcerated at Mound Road Correctional Facility. Consequently, Plaintiff's claims against Defendants Smith and Gardner-Brown for wrongdoing that occurred at RRF were not

3

properly exhausted and are subject to dismissal for Plaintiff's failure to exhaust his administrative remedies. Moreover, the Court agrees that without the benefit of tolling, Plaintiff's claims against Defendants Smith and Gardner-Brown accrued no later than October 1, 2001. Accordingly, his claims against these Defendants are time-barred and should also be dismissed for that reason.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 19, 2010                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Martin Hagopian and Counsel of Record on this date.


Dated: July 19, 2010                    s/ Lisa C. Bartlett
                                        Case Manager

5