UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN HAGOPIAN,

      Plaintiff,                          Case No. 05-74025
                                            HON. GEORGE CARAM STEEH

vs.

DAVID SMITH, *et al.*,

      Defendants.

_____/

ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION [DKT.# 148], ADOPTING IN PART AND
MODIFYING IN PART REPORT AND RECOMMENDATION [DKT. #147], GRANTING
DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC.'S AND LIZ
KLEINHARDT'S MOTION FOR SUMMARY JUDGMENT [#133], GRANTING
DEFENDANTS DAVID SMITH'S AND YVONNE GARDNER-BROWN'S MOTION TO
DISMISS [#135], DENYING CORRECTIONAL MEDICAL SERVICES, INC.'S AND LIZ
KLEINHARDT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE [#144],
GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE
OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [#151]
AND DISMISSING ACTION

**I.    INTRODUCTION**

      Before the court are two reports and recommendations authored by Magistrate Judge Mona Majzoub, both dated July 19, 2010. *See* Dkt. Nos. 147-48. Magistrate Judge Majzoub recommends that defendants Correctional Medical Services, Inc.'s (CMS) and Liz Kleinhardt's motion to dismiss for failure to prosecute be denied, and their motion to dismiss and/or for summary judgment be granted in part and denied in part. Additionally, the magistrate judge recommends that the court grant defendants David Smith's and

-1-

Yvonne Gardner-Brown's Rule 12(b) motion for dismissal. On August 5, 2010, CMS filed an objection to the magistrate judge's report and recommendation. *See* Dkt. No. 149. On August 6, 2010, plaintiff, Martin Hagopian, filed objections to both of the magistrate judge's reports and recommendations.[1] *See* Dkt. No. 150, 152. On August 23, 2010, defendant Kleinhardt filed a response to plaintiff's objection to the magistrate judge's report and recommendation. *See* Dkt. No. 153.

## II. PROCEDURAL AND FACTUAL HISTORY

On October 20, 2005, plaintiff, a Michigan state prisoner, filed this § 1983 civil rights action asserting Eighth Amendment and state law claims against David Smith, the former Warden of the Ryan Correctional Facility (RCF); George Pramstaller, Chief Medical Director of the Michigan Department of Corrections (MDOC); CMS, a corporation that contracts with the MDOC to provide medical services to prisoners; the Bureau of Health Care Services; Liz Kleinhardt, a CMS employee; Yvonne Gardner-Brown, a health services secretary at RCF; and Jane and John Doe. Plaintiff alleges that he is completely blind in his left eye due to defendants failure to provide adequate medical treatment for his diabetic macular retinopathy and macular edema in a timely manner. All defendants have been dismissed by prior orders of this court, except for defendants Smith, CMS, Kleinhardt, and Gardner-Brown. *See* Dkt Nos. 78, 99, and 100.

The incidents giving rise to this action began in April of 2000 while plaintiff was

---

[1] Also on August 6, 2010, plaintiff filed a motion for enlargement of time to file objections to the magistrate judge's report and recommendation. The court grants plaintiff's motion for enlargement of time to file objections to the magistrate judge's report and recommendation; thus the court will consider plaintiff's objections on the merits.

incarcerated at RCF.  Plaintiff alleges that in April of 2000 he was examined by an optometrist who found micro aneurysms in his eyes, which are often associated with hemorrhages commonly seen in diabetic macular retinopathy.  The optometrist submitted a Form 407 for referral to an ophthalmologist.  However, the referral was denied.  Subsequent requests for referral to an eye specialist were denied throughout the remainder of the year and most of 2001.

In late October of 2001, plaintiff filed grievance number RRF-01-10-1291 (left eye grievance), stating that he has been complaining every day since October 1, 2001 that he has bad headaches and blurry vision in his left eye.  He further asserted that when he finally was examined by a doctor on October 23, 2001, he was informed by the doctor that he had already been approved for laser surgery but that he was on a waiting list.  Plaintiff asked to see an eye specialist as soon as possible.  In December of 2001, plaintiff was seen by an opthamalogist who concluded that it was too late to save the vision in his left eye, and that plaintiff needed immediate treatment for his right eye.

In August of 2002 and September of 2003, while incarcerated at the Mound Correctional Facility (NRF), plaintiff filed two more grievances, NRF 02-08-0896-12D and NRF 03-09-1003-12D2 (right eye grievances), complaining about the length of time it takes to see a doctor at NRF and that he needs immediate medical attention to save the vision in his right eye "before I'm totally blind."[2]  Plaintiff later received treatment and the vision in his right eye has been successfully treated.  Compl., ¶ 30.

On August 12, 2008, this court entered an order which clarified the remaining claims

---

[2] After plaintiff lost sight in his left eye, his right eye began exhibiting symptoms of diabetic macular retinopathy and macular edema.

against defendants Kleinhardt and CMS. See Dkt. No. 92. This court held that all of plaintiff's claims against defendant Kleinhardt were dismissed, except to the extent he alleged violations of his state constitutional rights in count II. *Id.* at 9-10. In so concluding, the court adopted the finding of the magistrate judge that plaintiff's left eye grievance was not properly exhausted as required by the Prison Litigation Reform Act's (PLRA) exhaustion provision, 42 U.S.C. 1997e(a):

> With respect to [plaintiff's left eye grievance,] the Step III response which was submitted by Plaintiff shows that it was rejected at that level because Plaintiff delayed three years to appeal to that level. (Docket no. 1, ex. A). The record evidence shows that Plaintiff did not timely appeal to Step III, and that he failed to obtain review of his grievance on that level. Therefore, the Court agrees with Defendants that this grievance does not exhaust any remedies against them. See *Woodford*, 548 U.S. 81.

See Dkt. No. 84. The court's August 12, 2008 order also found that all of plaintiff's claims alleged against CMS remained and adopted the findings of the magistrate judge that plaintiff's right eye grievances were properly exhausted. See Dkt. Nos. 84 at 6-7; 92 at 7, 10.

**III. ANALYSIS**

**A. Standard of Review**

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Report and Recommendation Regarding Defendants Smith's and Gardner-Brown's Rule 12(b) Motion for Dismissal (#148)

The magistrate judge recommendd that defendants Smith and Gardner-Brown be dismissed because plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) as to the claims asserted against these defendants. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."). The court agrees with the magistrate judge's recommendation. This court has previously concluded that plaintiff did not complete one full round of the MDOC's grievance procedure with respect to his left eye grievance, the only grievance detailing alleged misconduct by prison officials at RFC, the facility where both Smith and Gardner-Brown were employed at the time referenced in the grievance. *See* Dkt. Nos. 84, 92. Therefore, the magistrate judge correctly concluded that the claims against Smith and Gardner-Brown are subject to dismissal for plaintiff's failure to exhaust his administrative remedies.

The two grievances this court found to be properly exhausted pursuant to MDOC policy, his right eye grievances, were filed at NRF based on alleged violations occurring at that facility. The two right eye grievances do not relate to any of plaintiff's claims occurring while he was incarcerated at RCF, therefore they do not allege actions on the part of either defendant Smith or Gardner-Brown that resulted in the deprivation of plaintiff's constitutional rights. In order to state a claim pursuant to § 1983, plaintiff must demonstrate that a person acting under color of state law deprived him of his federal rights. 42 U.S.C. § 1983.

Plaintiff's objection (#152)

The court rejects plaintiff's objection to the magistrate judge's recommendation to dismiss plaintiff's claims against Smith and Gardner-Brown. Plaintiff requests that the court ignore the requirements of the PLRA and review his claims on the merits. All prisoner suits concerning conditions of confinement are required to comply with the exhaustion requirements of § 1997e(a). *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff failed to timely file his step III appeal concerning his left eye grievance, the only grievance relevant to claims against defendants Smith and Gardner-Brown, and it was rejected on this basis. *See* Dkt. No. 1, Ex. A. An untimely grievance does not satisfy § 1997e(a)'s exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81 (2006). Plaintiff's claims against Smith and Gardner-Brown are dismissed based on plaintiff's failure to exhaust his administrative remedies.

**C.    Report and Recommendation Regarding Defendants CMS' and Kleinhardt's Motions (#147)**

**1.    CMS' and Kleinhardt's Motion to Dismiss for Failure to Prosecute**

The magistrate judge concluded that defendants Kleinhardt's and CMS' motion to dismiss for failure to prosecute should be denied because the plaintiff has not abandoned his case nor is such a drastic measure warranted in this instance where plaintiff is proceeding *pro se*, was not warned that failure to timely respond to the defendants' dispositive motion could result in dismissal of this matter, and appears to have attempted to respond to defendants' motion for summary judgment, albeit in an improper manner. *See Schafer v. City of Defiance Police Dep't.*, 529 F. 3d 731, 737 (6th Cir. 2008). Defendants have filed no objection to the magistrate judge's recommendation, and in any

event, the court finds that dismissal of the remaining claims against both Kleinhardt and CMS is appropriate on other grounds.

### 2. CMS' and Kleinhardt's Motion to Dismiss and/or for Summary Judgment

The magistrate judge recommended that the court deny CMS' motion to dismiss or for summary judgment because plaintiff's Eighth Amendment claims are not untimely under the applicable statute of limitations. The magistrate judge reiterated prior findings of this court, specifically, that plaintiff's claims relating to his left eye grievance are unexhausted, but his claims relating to his right eye grievances are properly exhausted. *See* Dkt. Nos. 84, 92. The substance of the allegations contained in plaintiff's right eye grievances relate to plaintiff's need for prompt medical attention to treat his right eye and the unnecessary delay in obtaining treatment. *See* Dkt. No. 79. The magistrate judge found that the claims associated with plaintiff's right eye grievances were not untimely under the applicable statute of limitations, as they were filed within three years of the time in which plaintiff's claims accrued. *See McCune v. Grand Rapids*, 842 F. 2d 903, 905 (6th Cir. 1988) (Michigan's three year statute of limitations for personal injury actions governs section 1983 actions arising in Michigan).

<u>CMS' objections (#149)</u>

The court sustains CMS' objection to the magistrate judge's recommendation which concludes that plaintiff's claims associated with his right eye grievances are not barred by the statute of limitations. Specifically, CMS argues that the magistrate judge did not consider the relevant time period as alleged in the complaint, April of 2000 through December of 2001. Rather, the magistrate judge considered the relevant time period as

November of 2002 through May of 2004, a time frame set forth in plaintiff's right eye grievances. CMS argues that the magistrate judge improperly expanded the scope of plaintiff's claims to include the allegations set forth in his two right eye grievances, which were not a part of plaintiff's complaint.

A review of the complaint demonstrates that the gist of the allegations set forth in the complaint relate to incidents occurring while plaintiff was incarcerated at RCF, specifically the time frame between April of 2000 and December of 2001, and the injuries sustained to his left eye. However, some of plaintiff's factual allegations appear to relate to certain facts raised in his right eye grievances. For instance, plaintiff avers that "[a]fter the los[s] of Plaintiff's Left eye sight, Plaintiff then moved to have treatment provided for his Right eye, before the los[s] of sight of the Right eye." Compl., ¶ 63. Plaintiff also complains of the length of time it takes to receive medical care in an emergency situation, and that the delays in his treatment were ongoing. Compl. ¶¶ 68-70. There appears to be some basis for concluding that the allegations set forth in his right eye grievances are claims raised in plaintiff's complaint. However, it is questionable whether such allegations are sufficient to put defendants on notice that plaintiff was raising claims in relation to the treatment of his right eye. In any event, even if these allegations were sufficient to put CMS on notice that plaintiff was alleging a claim of denial of adequate medical treatment to treat his right eye, such allegations do not state a claim upon which relief may be granted.

In order to state a claim against CMS, plaintiff must demonstrate that the deprivation of his constitutional rights was the result of an official policy or custom of CMS. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Therefore, CMS can only be liable when "execution of [its] policy or custom . . . inflicts [an] injury," and (2) there is "an affirmative link

between the policy and the particular constitutional violation alleged." *Bennett v. City of Eastpointe*, 410 F. 3d 810, 818-19 (6th Cir. 2005). Plaintiff "has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue." *Id.*

Plaintiff alleges in his complaint that CMS' policy regarding medical care is unconstitutional because the numerous procedural steps that are required before a prisoner receives treatment from a doctor extend unconscionably the time between when a medical emergency emerges and when the medical treatment is provided. Compl., ¶ ¶ 66-67. While plaintiff may have stated enough facts to support that a policy does exist, he has not demonstrated that this policy caused him injury. The only Eighth Amendment claims that are exhausted, assuming these claims are even properly alleged in plaintiff's complaint, are those related to plaintiff's right eye. In discussing the damage to his left eye, plaintiff indicates in his complaint that "[i]t is a medical fact that if treatment is provided when requested . . . it is controllable, and blindness is prevented, if treated 'timely,' as proven in Plaintiff's Right eye under the care of Kresge Eye Institute." Compl., ¶ 31. He further alleges "[plaintiff] is actively being provided treatment in his Right eye by the Kresge Eye Institute and treatment has been successful in saving [plaintiff]'s vision in his Right eye." *Id.*, ¶ 30. Plaintiff does not allege any injury to his right eye in his complaint, only the injury to his left eye. Therefore, plaintiff has failed to allege a constitutional violation because he suffered no injury to his right eye. Accordingly, CMS is dismissed from this cause of action.

The court need not address the magistrate judge's conclusion as to plaintiff's remaining state constitutional claim asserted against Kleinhardt because the court finds that

all of plaintiff's federal claims are dismissed. Supplemental jurisdiction over state law claims should be declined when all federal claims are dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). To the extent plaintiff raises a state constitutional claim against CMS in Count II, this claim is likewise dismissed without prejudice.

<u>Plaintiff's objection (#150)</u>

The court rejects plaintiff's objection to the magistrate judge's recommendation to dismiss defendant Kleinhardt. Plaintiff argues that defendant Kleinhardt violated his Eighth Amendment and state constitutional rights, as prohibited by 42 U.S.C. § 1983. This court has previously dismissed plaintiff's Eighth Amendment claim against defendant Kleinhardt due to his failure to properly exhaust his administrative remedies as required by § 1997e(a). *See* Dkt. Nos. 84, 92. Plaintiff's remaining state law claim is subject to dismissal because all of his federal claims are dismissed. Therefore, plaintiff's remaining claim against defendant Kleinhardt is dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, Magistrate Judge Mona K. Majzoub's report and recommendation [#148] is accepted and adopted as this court's factual and legal conclusions.

Magistrate Judge Mona K. Majzoub's report and recommendation [#147] is adopted in part and modified in part.

Defendants CMS' and Liz Kleinhardt's motion for summary judgment [#133] is GRANTED.

Defendants David Smith's and Yvonne Garnder-Brown's motion to dismiss [#135] is GRANTED.

Defendants CMS' and Liz Kleinhardt's motion to dismiss for failure to prosecute [#144] is DENIED.

Plaintiff's motion for enlargement of time to file objection to magistrate judge's report and recommendation [#151] is GRANTED.

This cause of action is dismissed.

SO ORDERED.

Dated: September 28, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Martin Hagopian on September 28, 2010, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk